**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**THOMASVILLE DIVISION**

| | | |
|---|---|---|
| JAMES EDWARD DEATON, | * | |
| Petitioner, | * | CASE NO. 6:05-CV-15 CDL |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 6:02-CR-15 CDL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Indictment was returned in this court against Petitioner Deaton and others for Conspiracy to Possess Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 846 in conjunction with 21 U.S.C. § 841(a)(1). (R-1).   On May 12, 2003, Petitioner Deaton entered into a Plea Agreement with the Government and pled guilty to the offense charged in Count I of the Indictment. (R-37).   Subsequent to the preparation and report of a Pre-Sentence Investigation and a sentencing hearing, the court sentenced Petitioner to a term of 87 months, which was reduced on August 25, 2003 to 75 months imprisonment, with Counts 3, 5, 6, and 8 of the Indictment being dismissed. (R-56,61). Petitioner did not appeal the courts sentence.  His sentence, therefore, became final on September 5, 2003,

when his appeal time expired.  Petitioner Deaton filed a Motion To Vacate, Set Aside, or

Correct his Sentence Pursuant To 28 U.S.C.§ 2255 (R-62) on April 5, 2005, nineteen (19)

months after his sentence had become final.  See *Hepburn v. Moore,* 215 F.3d 1208 (11th

Cir. 2000).

Petitioner Deaton recognizes that his § 2255 Motion is barred by the AEDPA statute

of limitations as codified in 28 U.S.C. § 2255 ¶ 6(1), unless his circumstances warrant a

rewind of the one-year limitations clock.  The Anti-Terrorism and Effective Death Penalty

Act (AEDPA) codified 28 U.S.C. § 2255, ¶ 6, in relevant part, provides as follows:

> A 1-year period of limitation shall apply to a motion under this
> section.  The limitation period shall run from the latest of -
>> (1) the date on which judgment of conviction becomes final;
>> (2) the date on which impediment to making a motion created
>> by governmental action in violation of the Constitution or laws
>> of the United States is removed, if movant was prevented from
>> making a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized
>> by the Supreme Court, if that right has been newly recognized
>> by the Supreme Court and made retroactively applicable to cases
>> on collateral review; or
>> (4) the date on which the facts supporting the claim or claims
>> presented could have been discovered through the exercise of
>> due diligence.

Petitioner's § 2255 Motion To Vacate, Set Aside, or Correct his Sentence is time-

barred, and this court would have no authority to consider Petitioner's actual claims for

relief,  unless one of the above referenced ¶ 6 qualifiers, other than the first, is found to

apply to his petition.  Petitioner asserts, at Section 18, page 12, of his § 2255 Motion, that,

"This Motion is based on a New Rule and is timely subject to 28 U.S.C. § 2255 ¶ 6 (3) and

(4) as set forth in the attached Memorandum.  At page 2 of the Memorandum, Petitioner

states:

> Defendant makes this application pursuant to the new *substantive* rule (emphasis added) of Constitutional law announced in *Blakely v. Washington,* 124 S.Ct. 2531 (2004) and made *expressly* applicable (emphasis added) to defendant's sentence under the Sentencing Reform Act and the, then mandatory United States Sentencing Guidelines as announced in *United States v. Booker,* 543 U.S. ___, (2005), and *United States v. Fanfan,* 543 U.S. ___ (2005).
>
>    The defendant relies on . . . § 2255 ¶ 6, (which) provides in part that: "A one year period of limitations shall apply to a motion under this section.  The limitation period shall run from the latest of – – (1) the date on which the judgment of conviction became final; . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

At page 4 of his Memorandum, Petitioner Deaton opens his "Retroactivity" analysis

with the following conclusion:

> The holding announced in *Blakely v. Washington,* 124 S.Ct. 2531 (2004) and applied (to) Federal Sentencing Guidelines in *United States v. Booker,* 543 U.S. ___(2005) (No.04-104) and *United States v. Fanfan,* 543 U.S. ___ (2005) (No.04-105), is, infra, retroactively applicable to matters on collateral review.

Petitioner follows with a lengthy analysis of *Apprendi v. New Jersey,* 530 U.S. 466,

120 S.Ct. 2348 (2000), *Blakely v. Washington,* 124 S.Ct. 2331 (2004), and *United States v.*

*Booker - Fanfan,* 125 S.Ct. 738 (2005), wherein he urges both majority and dissenting

opinions for the proposition that "if *Blakely* and *Booker* announced a new rule, then it is a

substantive, not a procedural rule."  (R-62, Memorandum p.8).   While Petitioner's

meticulous effort to establish retroactive application of the *Apprendi/Blakely/Booker*

principles to cases on collateral attack is admirable, it fails for lack of consideration of the

very recent rulings to the contrary by the Eleventh Circuit Court of Appeals.

The Eleventh Circuit Court of Appeals in *In re Dean,* 375 F.3d 1287 (11th Cir.

July 9, 2004),  held:

> In *Blakely,* the United States Supreme Court revisited the rule
> in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348,
> 2362-63(2000), which held that "other than the fact of a prior
> conviction, any fact that increases the penalty for a crime
> beyond the prescribed statutory maximum must be submitted to
> a jury and proved beyond a reasonable doubt." *Blakely,* 124
> S.Ct. at 2536.  The Court considered whether the sentencing
> procedure followed by the courts in the State of Washington
> deprived Blakely of his "federal constitutional right to have a
> jury determine beyond a reasonable doubt all facts legally
> essential to his sentence." *Id.,* at 2536.
>
> Regardless of whether *Blakely* established a "new rule of
> constitutional law" within the meaning of § § 2244(b)(2)(A)
> and 2255, the Supreme Court has not expressly declared *Blakely*
> to be retroactive to cases on collateral review.   . . .   In fact, the
> Supreme Court has strongly implied that *Blakely* is not to be
> applied retroactively.  The same day the Supreme Court decided
> *Blakely,* the Court also issued its decision in *Schriro v.
> Summerlin,* ----U.S. ----, 124 S.Ct. 2519 (2004), holding that
> *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428 (2002), which
> extended application of *Apprendi* . . . , is not retroactive to cases
> on collateral review.  *Summerlin,* 124 S.Ct. at 2526.  *See also
> Blakely,* 124 S.Ct. at 2548-49.

*In re Dean,* 375 F.3d at 1290.   Petitioner Deaton argues that 28 U.S.C. § 2255, unlike 28

U.S.C. § 2254, does not require that the United States Supreme Court declare new rules to

be retroactive.  He argues that the Circuit and District Courts may declare new rules

announced by the Supreme Court to be retroactive to cases on collateral review. The

Eleventh Circuit has ruled to the contrary. Beginning with *In re Joshua,* 224 F.3d 1281,

1283 (2000), the Eleventh Circuit Court of Appeals held:

> For a new rule to be retroactive, the Supreme Court must make
> it retroactive to cases on collateral review. See *In re Hill,* 113
> F.3d 181, 184 (11th Cir. 1997). . . . It is not enough that the new
> rule is or will be applied retroactively by the Eleventh Circuit or
> that it satisfies the criteria for retroactive application set forth by
> the Supreme Court in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct.
> 1060 (1989). See *Hill,* 113 F.3d at 184. To date, the Supreme
> Court has not declared that *Apprendi* be applied retroactively to
> cases on collateral review. Moreover, assuming arguendo that
> application of a new rule by the Supreme Court in a case on
> collateral review is sufficient to make that new rule apply
> retroactively, that has not occurred here. *Apprendi* was decided
> in the context of a direct appeal, and the Supreme court has not
> applied it in a case on collateral review. [FN3] Because we find
> that the holding in *Apprendi* has not been made retroactive by the Supreme
> Court, we need not decide whether it is a new rule of constitutional law
> under 28 U.S.C. §§ 2255, 2244(b)(2)(A).

Likewise, the Supreme Court did not make its *Booker - Fanfan* rulings retroactive

to cases on collateral review. To the contrary, the *Booker-Fanfan* Court held at page 769:

> [W]e must apply the Sixth Amendment holding and our
> remedial interpretation of the Sentencing Act – to all cases on
> direct review. See *Griffin v. Kentucky,* 479 U.S. 314, 328
> (1987) ([A] new rule for the conduct of criminal prosecutions
> is to be applied retroactively to all cases ... pending on direct
> review or not yet final, with no exception for cases in which the
> new rule constitutes a clear break with the past). See also
> *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[1]

---

[1] *Reynoldsville* at 752:New legal principles, even when applied retroactively, do not apply to
cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (at some point,
"the rights of the parties should be considered frozen" and a "conviction ... final")**.**

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* ruling

in its recent decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holding:

> Regardless of whether *Booker* established a "new rule of
> constitutional law" within the meaning of §§ 2244(b)(2)(A) and
> 2255, the Supreme Court has not expressly declared *Booker* to
> be retroactive to cases on collateral review.  *See Booker,* 125
> S.Ct. at ___(opinion of Breyer, J.) (expressly extending the
> holding "to all cases on direct review").  Put simply, *Booker*
> itself was decided in the context of a direct appeal, and the
> Supreme Court has not since applied it to a case on collateral
> review.   . . .    Indeed, as we noted in *In re Dean,* 375 F.3d
> 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated
> the very opposite:
>
>> . . . [S]*ee also McCoy v. United States,*  266 F.3d
>> 1245, 1256-58 (11th Cir. 2001) (holding that
>> *Apprendi* is not retroactive to cases on collateral
>> review).
>
> It follows that because *Booker,* like *Blakely* and *Ring,* is based
> on an extension of *Apprendi,* Anderson cannot show that the
> Supreme Court has made that decision retroactive to cases
> already *final* on direct review.

*In re Anderson,* 396 F.3d at 1339-40.  For the Eleventh Circuit's latest holding on this issue,

see *Varela v. United States,* 400 F.3d 864 (11th Cir. February 17, 2005):

> While neither this Court nor the Supreme Court has addressed
> the retroactivity of *Blakely* or *Booker* in the context of a § 2255
> motion, the Supreme Court's recent decision in *Schriro v.*
> *Summerlin,* 542 U.S. ___, 124 S.Ct. 2519 (2004), is essentially
> dispositive.  In *Schriro,* the Supreme Court concluded that the
> new requirement in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct.
> 2428 (2002), which, like *Blakely* and *Booker,* is an application
> of *Apprendi's* principles, does not apply retroactively to cases
> on collateral review.  *Schriro,* 124 S.Ct. 2526–27.

> The Supreme Court's statements in *Schriro* regarding the *Ring* rule also apply to *Booker.* . . . Similar to the constitutional rule announced in *Ring,* the constitutional rule announced in *Booker* is a "prototypical procedural rule []." *See Schriro,* 124 S.Ct. at 2523.
>
> A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro,* 124 S.Ct. at 2524 (quotation marks and citations omitted).  In *Schriro,* the Supreme Court noted that "[t]he right to jury trial is fundamental to our system of criminal procedure," but the Court ultimately held that *Ring's* "jury-not-judge" rule was not a "watershed rule [] of criminal procedure" to be applied retroactively.  *Id.* at 2526.
>
> Therefore, as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.

*Varela,* 400 F.3d at 867-68.

## Conclusion

The Eleventh Circuit rulings cited above hold conclusively that the *Apprendi/Blakely/Booker* principles have not been made retroactively applicable to cases on collateral review under 28 U.S.C. § 2255 in the Eleventh Circuit.  Therefore, 28 U.S.C. § 2255, ¶ ¶ 6(3) and (4), upon which Petitioner Deaton relies to avoid the AEDPA statute of limitations,  are inapplicable to his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, filed more than seven months after his sentence became final. His Motion To Vacate, Set Aside, or Correct his Sentence is, therefore, barred in this court

by the one-year statute of limitations.  28 U.S.C. § 2255, ¶ 6(1).

WHEREFORE, IT IS RECOMMENDED that Petitioner Deaton's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 7th day of April 2005.

_____
S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE